IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-262

P.T. DJARUM                           )
                                      )
            Plaintiff,                )
                                      )
        v.                            )        **DEFAULT JUDGMENT AND**
                                      )        **PERMANENT INJUNCTION**
DHANRAJ IMPORTS, INC.,                )
C & B DISTRIBUTORS, INC., and         )
SANJAY PATEL,                         )
                                      )
            Defendants.               )

THIS MATTER  is before the Court on the motion of Plaintiff P.T. Djarum ("Djarum")

for default judgment against Defendants Dhanraj Imports, Inc. ("Dhanraj") and Sanjay Patel

(collectively "Defendants") pursuant to Fed. R. Civ. P. 55(b)(2).  [D.I. 12, 13].  The Court, upon

consideration of the evidence of record and the applicable law, **GRANTS** Djarum's motion and

makes the following Findings of Fact and Conclusions of Law:

1.      This Court has jurisdiction over the parties and the subject matter of this action.

2.      Defendants failed to appear or otherwise defend in this action and, pursuant to

Djarum's motion, default was entered on September 22, 2011. [D.I. 10].

3.      Although Djarum's Complaint asserts other causes of action, Djarum seeks relief

only under its Lanham Act and N.C. Gen. Stat. § 75-1.1 claims.  Djarum moved the Court for

entry of default judgment, a permanent injunction, an award of Defendants' profits, and treble

damages.  Because Defendants have defaulted, the Court accepts Djarum's allegations against

them as true. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001).  The

1

record before the Court demonstrates that Djarum is entitled to entry of final judgment against Defendants, a permanent injunction, an award of Defendants' profits, and treble damages.

4.      Plaintiff Djarum is a privately-held, limited liability company under the laws of Indonesia having its headquarters and principal place of business in Kudus, Indonesia.  (Compl. ¶ 3).  Djarum is a manufacturer of tobacco products.  (Compl. ¶ 10).  As early as 1996, Djarum began advertising and marketing its tobacco products in the United States under various brands. Beginning in August 1996, Djarum sold cigarettes in the United States under the "Djarum Black" trademark.  On December 9, 1997, Djarum obtained U.S. Reg. No. 2,119,330 for "Djarum Black" and design.  Djarum Black® cigarettes were sold in black packaging bearing "BLACK" in white lettering with a stylized letter "A" accented in red.  (Compl. ¶ 11).

5.      In April 2009, Djarum introduced Black™ cigars into the U.S. market.  The Djarum Black™ cigars have been distributed in the current distinctive and well-recognized packaging ("the Black™ trade dress") since the cigars were introduced.  Among other things, the Black™ trade dress consists of, but is not limited to, (1) black colored packaging, (2) gold lettering and stylized "gramophone needle" logo, and (3) white lettering including a stylized red accent.  An image of the Djarum Black™ trade dress is depicted in Djarum's Complaint and attached as Exhibit A thereto.  (Compl. ¶ 12 & Ex. A).

6.      Defendant Dhanraj is a company organized under the laws of the State of California having its principal place of business in Riverside, California.  (Compl. ¶ 4). Defendant Dhanraj is a direct competitor of Djarum.  (Compl. ¶ 17).  Defendant Patel is the sole shareholder and corporate officer of Dhanraj and authorized, approved, directed and/or participated in the activities set forth in Djarum's Complaint.  (Compl. ¶ 6).  Defendants are not

minors, incompetent persons, or current members of the military service. (D.I. 13, Ex. A, Higgins Decl. ¶¶ 6-7).

7.      Beginning around December 2010, Defendants copied the packaging for Djarum's Black™ cigars for use with their competing Zanzibar Xtreme cigars. (Compl. ¶¶ 18-20 & Ex. C). Defendant's infringing packaging incorporates many design elements that infringe the Black™ trade dress, including but not limited to the following:

The infringing packaging is black and incorporates a lighter black inlaid portion.

The central label on the front of the infringing package is in gold and white lettering with one stylized letter accented in red.

The stylized logo of the infringing packaging is embroidered in gold and is centrally located on the upper portion of the front of the package on the hinged top lid.

The lettering at the bottom center on the front of the infringing packaging stating "12 Filtered Clove Cigars" is in gold lettering in similar font size and is located just above the lighter black inlaid portion of the package.

The reverse side of the infringing packaging includes similarly-styled branding – gold and white lettering with one stylized letter accented in red – located in the center of the packaging. There is gold lettering located below the branding.

The top, bottom, and sides of the infringing packaging include similarly-styled branding and gold lettering. (Compl. ¶ 21).

8.      The overall commercial impression created by the infringing Zanzibar Xtreme packaging is substantially similar to that of the Black™ trade dress. Defendants Dhanraj and

Patel adopted and are intentionally using the infringing packaging to trade upon the reputation, goodwill, and consumer trust associated with Djarum's Black™ cigars and to give Zanzibar Xtreme cigars a customer appeal that would not otherwise exist. (Compl. ¶ 24).

9.      Defendants' Zanzibar Xtreme products in the infringing packaging have been and are being sold within this District and elsewhere directly or through an established distribution network. (Compl. ¶ 23).

10.     When Djarum learned that Defendants were making use of the Black™ trade dress, it demanded that Defendants Dhanraj Imports and Patel cease use of the infringing packaging and provide an accounting of Defendants' sales in the infringing packaging. Although Defendant Patel responded by letter dated March 7, 2011, stating that sales of products in infringing packaging would cease, Defendants did not respond to Djarum's requests seeking to determine the sales volume of the products in the infringing packaging, a list of distributors selling the products in the infringing packaging, assurances that Defendants would cease all infringing activity, and additional information necessary to reach a final settlement. (Compl. ¶ 25-29 & Exs. E-G). The present lawsuit and motion for default judgment followed.

11.     The Court finds that entry of judgment on Djarum's Lanham Act and N.C. Gen. Stat. § 75-1.1 claims is appropriate. In order to establish its claims for trade dress infringement under the Lanham Act, Djarum must show that: "(1) its trade dress is primarily non-functional; (2) the alleged infringement creates a likelihood of confusion; and, (3) the trade dress either (a) is inherently distinctive, or (b) has acquired a secondary meaning." *Ashley Furniture Industries, Inc. v. SanGiacomo N.A. Ltd.*, 187 F.3d 363, 368 (4th Cir. 1999). Trade dress is considered non-functional if it is not essential to the use or purpose of the product or if it does not affect the cost or quality of the product. *See Qualitex Co. v. Jacobson Products Co.*, 514 U.S. 159, 165 (1995).

Pursuant to N.C. Gen. Stat. § 75-1.1, a plaintiff must show that the defendant committed an unfair or deceptive act, that affected commerce, and proximately injured the plaintiff. *Pleasant Valley Promenade v. Lechmere, Inc.*, 464 S.E.2d 47, 58 (N.C. Ct. App. 1995). Courts have determined that "North Carolina's Unfair and Deceptive Trade Practices Act ("UTPA") prohibits the same type of activity that the Lanham Act prohibits" because trademark infringement and false designation undercut the mark holder's goodwill and the consumers' ability to distinguish among products. *Universal Furniture Int'l Inc. v. Collezione Europa USA, Inc.*, 1:04-cv-977, 2007 U.S. Dist. LEXIS 68345, at *44 (M.D.N.C. Sept. 14, 2007); *Microsoft Corp. v. Computer Serv. & Repair, Inc.*, 312 F. Supp. 2d 779, 785 (E.D.N.C. 2004).

12.     Djarum's trade dress is non-functional, is inherently distinctive, and has established secondary meaning. Djarum's Black™ trade dress consists of an arbitrary combination of colors and graphic elements that is neither essential to use of the goods nor relevant to their cost or quality, and it enjoys an exceedingly valuable reputation, goodwill, and trust among consumers based upon Djarum's extensive sales and marketing. (Compl. ¶ 11-16, Exs. A & D).

13.     A likelihood of confusion exists because Defendants are making unauthorized use of the Djarum's Black™ trade dress in commerce in connection with the sales and marketing of Zanzibar Xtreme products in the United States, including North Carolina and within this District. (Compl. ¶ 18-24 & Exs. C & D). Consumers or others in the relevant market are likely to believe that Defendants' Zanzibar Xtreme cigars are Black™ cigars, or that Zanzibar Xtreme originates from Djarum, or that Defendants' products are sponsored by, approved by, or connected with Djarum, or that there is some type of affiliation between Dhanraj and Djarum. (Compl. ¶¶ 22, 34, 40); *see People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d

359, 364 (4th Cir. 2001) (setting forth likelihood of confusion factors); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 127 (4th Cir. 1990) ("The test is likelihood of confusion; evidence of actual confusion is unnecessary.").

14.     Djarum moved for a permanent injunction.  Permanent injunctive relief is appropriate where:  (i) the plaintiff risks suffering irreparable harm; (ii) monetary remedies are inadequate to compensate for the plaintiff's injury; (iii) the balance of hardships favors the plaintiff; and (iv) the public interest would not be disserved by an injunction.  *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

15.     As to the first factor, the Fourth Circuit has held that "a presumption of irreparable injury is generally applied once the plaintiff has demonstrated a likelihood of confusion, the key element in an infringement case." *See Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 273 (4th Cir. 2002); *see also Lone Star Steakhouse v. Alpha*, 43 F.3d 922, 938-39 (4th Cir. 1995).  Djarum has established a likelihood of confusion as set forth above, and there is a presumption of irreparable injury that will continue in the absence of an injunction.

16.     As to the second factor, Djarum has alleged, and Defendants are deemed to have admitted, that Djarum will not be fully compensated by an award of monetary damages because certain damages such as lost business opportunities and the loss of goodwill are not susceptible to calculation to a reasonable certainty.  (Compl. ¶¶ 59-60).

17.     Third, the balance of hardships favors Djarum.  Defendants have no right to utilize Djarum's trade dress to market and sell competing products and are profiting unjustly based upon the infringing use.  Defendants' unauthorized use poses a threat to Djarum's efforts and expenditures in developing goodwill in its Black™ brand.

18.    Finally, the public interest would not be disserved by a permanent injunction, as there is greater public benefit in securing the integrity of Djarum's Black™ trade dress than in allowing Defendants to continue to use the infringing trade dress in violation of Djarum's rights. Further, "The expansive policy considerations behind Congress's adoption of the Lanham Act, and the intent of the North Carolina Legislature in passing the Unfair and Deceptive Trade Practices Act, evidences the wide public interest in fair competition and avoiding confusion in the marketplace." *Lorillard Tobacco Co. v. S&M Brands, Inc.,* 616 F. Supp. 2d 581, 589 (E.D. Va. 2009).

19.    Accordingly, the Court concludes that a permanent injunction is an appropriate remedy. The fact that Defendants may have ceased some of their infringing conduct does not alter this conclusion. "[I]t is well established that the voluntary discontinuance of challenged activities by a defendant does not necessarily moot a lawsuit." *United States v. Jones*, 136 F.3d 342, 348 (4th Cir.1998) (internal citation omitted); *see also Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 198 (5th Cir. 1998) ("Ceasing the infringing activity does not allow an infringing party to escape liability") (internal quotation and citation omitted). Although an injunction is unnecessary when "there is no reasonable expectation that the wrong will be repeated," a defendant resisting an injunction bears a "heavy burden" of demonstrating this exception. *Lyons Leadership, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789,800 (4th Cir. 2001) (internal quotations and citations omitted). Defendants March 7, 2011 letter stated that sales of products in the infringing packaging would cease at some point in the future, but Defendants did not respond to Djarum's requests seeking to determine the sales volume of the products in the infringing packaging, a list of distributors selling the products in the infringing packaging, assurances that Defendants would cease all infringing activity, and additional information necessary to reach a

final settlement.   Defendants' failure to respond with the requested information necessitated this lawsuit and the instant motion.  Moreover, Defendants have failed to appear in this action. Accordingly, the Court concludes that application of the exception here is inappropriate.

20.     Under the Lanham Act, a plaintiff is entitled to recover, subject to the principles of equity, the defendant's profits resulting from a violation of Section 43(a).  15 U.S.C. § 1117(a).   The applicable equitable factors favor a disgorgement of Defendants' profits in this case. *See Synergistic Int'l, LLC v. Korman*, 470 F.3d 162, 174-75 (4th Cir. 2006) (noting the equitable factors used by the Third and Fifth Circuits in determining damages awards under the Lanham Act).  Defendants knowingly adopted the infringing trade dress even though the majority of Dhanraj's products appear in packaging that is distinguishable from the Black™ trade dress.  (Compl. ¶ 17).  Thus, Defendants intentionally copied Djarum's trade dress with the intent of causing customers or others in the relevant market to believe Defendants' Zanzibar Xtreme cigars are Black™ cigars, or that Zanzibar Xtreme originates from Djarum, or that Defendants' products are sponsored by, approved by, or connected with Djarum, or that there is some type of affiliation between Dhanraj and Djarum.  (Compl. ¶¶ 24, 38, 47).  Injunctive relief is insufficient to compensate Djarum for its loss of goodwill and for the business opportunities and profits it lost based upon Defendants' infringing sales.  (Compl. ¶ 45).  Djarum did not delay in asserting its rights, as it promptly contacted Defendants demanding removal of the infringing trade dress and filed suit to vindicate its rights.  (Compl. ¶¶ 19, 25-27, Exs. E-G).  The public interest is served by making Defendants' willful misconduct unprofitable.  Finally, Defendants palmed off goods by selling non-Djarum cigars in the infringing trade dress.  Thus, the equities lie in favor of disgorgement of profits from Defendants.

21.     Djarum has met its burden by providing evidence of infringing sales activity and a reasonable estimate of Defendants' gross sales based upon the amount of infringing goods that were imported by Defendants for sale. *See Hospitality Int'l*, 1998 U.S. Dist. LEXIS at \*\*24-25 (citing *Louis Vuitton S.A. v. Downtown Luggage Center*, 706 F. Supp. 839 (S.D. Fla. 1988) ("Exactness is not required."); *Wesco Mfg., Inc. v. Tropical Attractions of Palm Beach, Inc.*, 833 F.2d 1484, 1488 (11th Cir. 1987) (reversing and remanding denial of profits because defendant's income tax returns combined with evidence of infringing sales activity constituted sufficient proof); *Polo Fashions, Inc. v. Rabanne*, 661 F. Supp. 89, 97 (S.D. Fla. 1986) ("It is appropriate for the Court to rely on indirect and less certain methods of proof.")). Upon careful review of the Declarations and supporting materials submitted by Djarum, the Court finds and concludes that Djarum has proven that it is entitled to damages in the amount of $258,400.

22.     "Generally, district courts have exercised their authority [pursuant to 15 U.S.C. § 1117] to treble the damages award and increase the profits award to a trebled amount in cases involving intentional, knowing, deliberate, or willful infringement." *Shell Trademark Mgmt. BV v. Ray Thomas Petroleum Co.*, 3:07cv163, 2009 U.S. Dist. LEXIS 59646, at \*\*13-14 (W.D.N.C. July 13, 2009) (citing cases). Defendants have engaged in intentional, knowing, deliberate, or willful infringement and an award of treble damages is justified under 15 U.S.C. § 1117. (*See* Compl. ¶¶ 29, 38, 47). Furthermore, Defendants have committed acts of unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1 for which gross profits relating to the infringing sales could also be awarded. Damages assessed for unfair trade practices "*shall be* rendered in favor of the plaintiff and against the defendant for *treble* the amount fixed by the verdict." N.C. Gen. Stat. § 75-16 (emphasis added).

23.     Accordingly, Djarum is entitled to treble damages in the amount of $775,200, but

9

not a duplicative recovery as to amounts to which it is entitled based upon its Lanham Act and N.C. Gen. Stat. § 75-1.1 claims.

**WHEREFORE**, it is **ORDERED, ADJUDGED, AND DECREED** that Djarum's motion for default judgment is **GRANTED**. Defendants Dhanraj and Patel are hereby jointly and severally liable to Djarum for damages in the amount of $258,400, and this amount is trebled as set forth above for total damages in the amount of **$775,200**. **IT IS FURTHER ORDERED THAT**:

1. Effective as of the date of this Order, Defendants and their respective agents, representatives, servants, employees, attorneys, predecessors, successors, officers, directors, managers, members, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, or any of them, are hereby permanently restrained and enjoined from committing any acts of trade dress infringement and unfair and deceptive trade practices including:

    a. Infringing the Black™ trade dress as set forth in the Complaint at Paragraph 12 and Exhibit A.

    b. From using the infringing trade dress or from using any other designation, symbol, or device which is confusingly similar to the Black™ trade dress, including but not limited to gold lettering/stylized-logo and white lettering including a red accent set against black packaging.

All other claims against Defendants Dhanraj and Patel are dismissed with prejudice based on Djarum's election of remedies as evidenced in the present motion.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that interest on the

total amount of the Judgment shall accrue at the legal rate from entry of this Judgment until paid
in full.

Signed: March 14, 2012

Graham C. Mullen
United States District Judge